# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    **CASE NO.: 7:08-cr-22-001 (WLS)** |
| vs. | : |
| | : |
| JOSEPH LONON | : |
| | : |

## ORDER

      Before the Court is Defendant Joseph Lonon's Motion to Dismiss Indictment for Violation of Speedy Trial Act (Doc. #21). The Government has filed its response and admits to a "slight" violation of the Speedy Trial Act. Thus the core of the parties' remaining disagreement is whether a dismissal should be with or without prejudice. The Defendant contends it should be with prejudice and the Government contends it should be without prejudice.

      The Court finds that the Speedy Trial Act has been violated and that the indictment should be dismissed for that reason. The Court will now address whether dismissal should be with or without prejudice. 18 U.S.C. § 3162(a)(2)

      The Court finds that the essential facts are not greatly in dispute. Defendant appeared before the Court on July 24, 2008. Therefore, Defendant's trial should have commenced not later than October 2, 2008.[1] The Court noticed Defendant's case for pretrial on October 17, 2008. The pretrial conference was scheduled for October 27, 2008. However, Defendant moved to continue the trial in the interest of justice on October 20, 2008. The motion was granted on October 24, 2008. Therefore, the case

---

[1] Defendant could not be required to go to trial during the Court's available August 2008 Term and Defendant did not waive his right to not proceed to trial within 30 days of arraignment. Neither party cites motions which would have tolled any part of the 70 days within which trial must have begun.

was removed from the November 2008 Term.  Thereafter, the case was noticed on December 16, 2008 for a pretrial to be held on January 9, 2009.  On January 8, 2009 Defendant field his motion to dismiss.  Defendant essentially complains that his trial did not commence by October 2, 2008.  But for Defendant's motion to continue, Defendant's trial could have commenced as early as November 3, 2008.  Therefore, under this scenario, Defendant's trial would have been delayed thirty-one days beyond the Speedy Trial Act deadline.  The Court finds that delays subsequent to the November 2008 Term resulted from Defendant's motion for continuance, after notice of pretrial.

The question then becomes should the indictment against Defendant be dismissed with prejudice due to the thirty-one day delay.  First, the Court considers the seriousness of the offense.  Defendant is charged with two (2) counts of distribution of cocaine base.  Each offense carries a mandatory minimum of 5 years to a maximum of 40 years of confinement, a Two Million Dollar fine and 4 years supervised release.

Defendant argues that the alleged distribution involved "a relatively small quantity of narcotics...[and] is of a relatively harmless nature."   The Government points out the lengthy sentence established by Congress for the offenses.  The Court agrees with the Government because notwithstanding the "relatively small quantity", the gravamen of the charges is distribution.  The minimum mandatory sentence and provisions for a lengthy maximum sentence clearly supports a finding that the charges are serious.  The Court so finds.

Secondly, the Court reviews the facts and circumstances of the case that lead to the dismissal.  Defendant's first appearance was on July 24, 2008.  Although a trial term was available in August 2008, Defendant could not be forced to trial during the August 2008 Term under the Speedy Trial Act.  Defendant did not waive that protection.  Defendant, after notice of the November 2008 Trial Term moved to continue the trial in the interest of justice citing the need to "prepare pretrial motions, conduct investigations and prepare for trial or conduct plea negotiations."  Defendant also noted that discovery was not complete.  The Court granted the motion.

It is clear that Defendant was himself not ready to proceed to trial during the November 2008 Trial Term.  Although Defendant argues that his motion to dismiss with prejudice should  be granted due to the Government's alleged negligence in providing and completing discovery, Defendant neither insisted on proceeding to trial nor filed a motion to dismiss for violation fo the Speedy Trial Act when noticed of the November 2008 Trial Term.  Defendant instead noted his need to prepare pretrial motions, conduct investigations, prepare for trial and conduct plea negotiations.  Defendant does not argue that all of these requests were due solely to the failure of the Government to timely produce discovery.  Defendant's stated reasons for a continuance clearly involved matters particularly favorable to Defendant.  Therefore, the Court finds that the facts and circumstances leading to the thirty-one day delay do not support dismissal with prejudice.

Third and lastly, the Court considers the impact of a re-prosecution on the administration of the Speedy Trial Act and on the administration of justice.  Defendant argues that the Government has acted in a "casual" manner with respect to the Act and that it  has been "wantonly" negligent, and therefore, unless the indictment is dismissed with prejudice, the Act will be rendered meaningless.

In response, the government argues that dismissal without prejudice will not result in an adverse effect either on the administration of the Speedy Trial Act or the administration of justice.  It notes that the delay was slight.[2]  The Government also asserts that Defendant was placed on the first docket available after his arraignment and that it understood that the case would probably end in a guilty plea.  Lastly, the Government notes that Defendant wished to cooperate with the Government.  The Government also argues that Defendant alleged no prejudice resulting from the delay and that Defendant has been on bond pending trial.  Considering the facts and

---

[2] The Court does not understand the Government's calculation of four (4) to eight (8) days.

circumstances and the arguments of the parties, the Court finds that a dismissal without prejudice would not inappropriately impact either re-prosecution or the administration of justice in view of the Speedy Trial Act.

The Court does not find the thirty-one day delay substantial and further finds that rather than prejudicing Defendant, Defendant was benefitted by the delay in that he was clearly not ready to proceed to trial in November 2008.  Defendant has not, contrary to his arguments, shown that his need to request a continuance in October 2008 was entirely the fault of the Government.  Defendant apparently wanted to attempt to work out a favorable plea and even cooperate with the Government, all to his potential benefit.  For the reasons stated, the Court finds that Defendant's Motion to Dismiss is **GRANTED-IN-PART and  DENIED-IN-PART**.  Accordingly, Defendant's Motion to Dismiss is **GRANTED**; Defendant's Motion to Dismiss with Prejudice is **DENIED**.  The indictment is Dismissed without prejudice.[3]

**SO ORDERED**, this   9th   day of **October,  2009.**


           /s/ W. Louis Sands
           **W. LOUIS SANDS, JUDGE**
           **UNITED STATES DISTRICT COURT**

---

[3] Defendant's failure to move to dismiss the indictment in October 2008 might arguably be considered a waiver under 18 U.S.C. § 3162(a)(2).  However, the Government did not assert this basis for denial of Defendant's motion and the Court, therefore, has not considered it.